Mr. Rich Stringer Sebastian City Attorney 1225 Main Street Sebastian, Florida 32958
Dear Mr. Stringer:
You ask substantially the following question:
May the city exempt a specific business from the occupational licensing requirement when the business is not exempted under Chapter 205, Florida Statutes?
In sum:
The city may not exempt a business from its occupational license requirement except as provided in Chapter 205, Florida Statutes.
You state that the City of Sebastian has an occupational license tax ordinance enacted pursuant to section 205.042, Florida Statutes. The local real estate association has asked that real estate agents operating under real estate brokers be exempted from the licensing requirement. Real estate sales is listed as a taxable business under the City of Sebastian occupational license ordinance.
In Attorney General Opinion 83-17, this office addressed whether a real estate salesperson is subject to an occupational license tax when working under a real estate broker. It was concluded that a salesperson, even though required under the real estate licensing statute to work under the supervision of a broker, is subject to the occupational license tax authorized by Chapter 205, Florida Statutes. No statutory changes have been made that would alter the conclusion in Attorney General Opinion 83-17.
The authority of a municipality to impose a tax is derived from Article VII, section 9, Florida Constitution.[1] While section166.021, Florida Statutes, secures for municipalities the broad exercise of home rule powers granted by Article VIII, section2(b), Florida Constitution, municipalities possess no home rule powers to levy taxes.[2] Thus, a municipality must be able to point to constitutional or statutory authority to exercise its taxing power.
In exercising its taxing power, a municipality is limited to that taxing power expressly, or by necessary implication, conferred.[3]
Thus, as a general rule, "a municipality . . . has no inherent power to exempt from taxation property which it is authorized by statute or charter to tax, since, with some exceptions, delegation of power to tax does not include power to exempt from taxation or power to remit or compromise taxes. . . ."[4] Likewise, without legislative authority, a municipality may not contract away its power to impose taxes or impose taxes only under certain conditions.[5]
Section 205.042, Florida Statutes, authorizes the governing body of an incorporated municipality, by resolution or ordinance, to levy an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. Several exemptions and partial exemptions are enumerated in Chapter 205, Florida Statutes.[6]
Where the Legislature has directed how a thing shall be done, it effectively operates as a prohibition against its being done in any other manner.[7] The Legislature has specified how occupational license taxes may be imposed in Chapter 205, Florida Statutes, and enumerated several exemptions therein. Nothing in the applicable statutes, however, authorizes the creation of an exemption for real estate agents operating under a real estate broker.
Accordingly, it is my opinion that the City of Sebastian may not create an exemption for real estate agents operating under a real estate broker from the city's occupational license tax.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Article VII, s. 9(a), Fla. Const., provides:
"Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution."
[2] See, e.g., Ops. Att'y Gen. Fla. 90-23 (1990) (city may not provide for the rebate of ad valorem taxes collected on newly annexed property, in the absence of constitutional or statutory authority allowing such action); 80-87 (1980) and 79-26 (1979) (municipality has no home rule powers with respect to the levy of excise or non-ad valorem taxes and exemptions therefrom, as all such taxing power must be authorized by general law).
[3] See, Op. Att'y Gen. Fla. 79-26 (1979).
[4] 16 McQuillin Municipal Corporations (3rd Ed. Rev. 1994) s. 44.65 p. 243. See also, Op. Att'y Gen. Fla. 99-72 (1999) (city or county has no home rule power to levy taxes or provide exemptions therefrom).
[5] See, Eastern Shores v. City of North Miami Beach,363 So.2d 321, 323 (Fla. 1978).
[6] See, s. 205.054, Fla. Stat. (partial exemption for engaging in business or occupation in an enterprise zone); s. 205.063, Fla. Stat. (no separate occupational license required for vehicle used for sale or delivery of tangible personal property from a place of business on which a license has been paid); s. 205.064, Fla. Stat. (no occupational license required for farm, aquacultural, grove, horticultural, floricultural, tropical piscicultural, and tropical fish farm products); s. 205.065, Fla. Stat. (exemption for nonresidential persons who are licensed by the Department of Business and Professional Regulation); s. 205.162, Fla. Stat. (exemption for certain disabled persons, the aged, and widows with minor dependents); s. 205.171, Fla. Stat. ($50 exemption for disabled veterans of any war or their unremarried spouses whose business is carried on mainly through the personal efforts of the licensee); s. 205.191, Fla. Stat. (no license required for churches); s. 205.192, Fla. Stat. (no license required for charitable, religious, fraternal, youth, civic, service, or other organization making occasional sales or fundraising when efforts are exclusively made by members of such organization and proceeds are used exclusively in the activities of the organization); and s. 205.193, Fla. Stat. (local license not required for mobile home setup operations).
[7] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).